NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES ex rel. CHARLES WILKINS and DARRYL WILLIS, :<br><br>Plaintiffs, :<br><br>v. :<br><br>UNITED HEALTH GROUP, INC., AMERICHOICE, and AMERICHOICE OF NEW JERSEY, INC., :<br><br>Defendants. : | Civil No. 08-3425 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

     This qui tam action comes before the Court on remand after the Court of Appeals for the Third Circuit, in <u>United States ex rel. Wilkins v. United Health Group, Inc.</u>, 659 F.3d 295 (3d Cir. 2011), affirmed in part and reversed in part this Court's dismissal of Relators' Amended Complaint. The Court of Appeals affirmed this Court's May 13, 2010 Order dismissing Relators' claims under the False Claims Act ("FCA") that were based on the alleged violation of marketing regulations—specifically, 31 U.S.C. § 3729. However, the Court of Appeals reversed this Court's Order dismissing Relators' claims under the FCA that were based on the alleged violation of the Medicare Anti-KickBack Statute ("AKS"), 42 U.S.C. § 1320a-7b. Reinstating the Amended Complaint as to the AKS-based FCA claim, the Third Circuit remanded the matter for this Court's consideration as to whether the reinstated AKS claim survives a motion to dismiss under Federal Rule of Civil Procedure 9(b). This Court finds that the Relators' Amended Complaint does not sufficiently state a claim for fraud or mistake under the standards

1

of Rule 9(b), and accordingly the Court grants Defendants' October 6, 2009 motion to dismiss (Doc. No. 18).  Relators may file a second amended complaint as to the AKS-based FCA claims within thirty (30) days of the date of this Opinion.

## I.   BACKGROUND[1]

United Health Group, Inc. is a health company that provides access to health care services and resources.  AmeriChoice and AmeriChoice of New Jersey are subsidiaries of United Health Group.  Both AmeriChoice and AmeriChoice of New Jersey offer Medicare Advantage plans, which, among other things, allow for submission of claims to the United States Government for reimbursement.  The United Health Defendants offered a prescription drug plan (PDP), which in part required them to sign a contract with the Secretary of Health and Human Services agreeing to comply with the terms and conditions of payment provided under 42 U.S.C. § 1395w-112.

Relator Charles Wilkins began employment with United Health Group and AmeriChoice in October of 2007 as a sales representative.  Relator Darryl Willis began employment with United Health Group and AmeriChoice in 2007 as the general manager for Medicare/Medicaid marketing and sales.  In the Amended Complaint, Wilkins alleged that, during his short tenure from October 2007 to April 2008, he observed a number of violations of Medicare and Medicaid regulations promulgated by the Centers for Medicare and Medicaid Services (CMS).

Specifically with regard to the Anti-Kickback Statute, the Relators alleged in the Amended Complaint that AmeriChoice paid $27,000.00 to the Reliance Medical Group Clinic to induce them to change certain beneficiaries to AmeriChoice.  The relators further alleged that

---

[1] Because the Third Circuit affirmed this Court's Order to dismiss Plaintiffs' FCA claims as they relate to the alleged violation of marketing regulations, we will not discuss them here.  The facts contained herein are those relevant to the sole question under consideration here: whether the AKS claims contained in Plaintiffs' Amended Complaint survive a motion to dismiss under Rule 9(b).

AmeriChoice of New Jersey used a form to entice doctors into receiving additional income in exchange for the names of certain patients. Am. Compl. at ¶¶ 59-66. While Relators acknowledged that the Anti-Kickback Act is a criminal statute, they asserted that violation of the AKS also gives rise to FCA liability, since an AKS violation is necessarily a violation of Medicare regulations. Relators' Brief in Opposition to Motion to Dismiss ("Rel. Br. Opp.") at 23-24. In addition to indicating that Relators failed to name the AKS and its elements in their Amended Complaint, United Health argued that Relators had not alleged sufficient facts to show that the conduct in question violated the AKS, had not alleged that Defendants acted in knowing and willful violation of the AKS, had not alleged that payment from the Federal Health Care programs in question was conditioned upon Defendants' compliance with the AKS, and had not alleged that Defendants expressly certified such compliance. Defendants' Brief in Support of Motion to Dismiss ("Def. Br. Mot. to Dismiss"), 19.

The Court of Appeals, however, found that "compliance with the AKS is clearly a condition of payment under Parts C and D of Medicare." U.S. ex rel. Wilkins, 659 F.3d at 313. The Third Circuit "analyze[d] the amended complaint under an implied false certification theory of liability," and in so doing found that Relators did not need to allege that Defendants had certified their compliance with the AKS. Id. Furthermore, the Third Circuit determined that Relators had "pleaded that [Defendants] knowingly violated the AKS while submitting claims for payment to the Government under the federal health insurance program," and that such pleading was "sufficient to survive a Rule 12(b)(6) motion to dismiss." Id.

## II.   STANDARD

The Circuit Court has remanded the AKS claim to this Court for analysis under Federal Rule of Civil Procedure 9(b); accordingly, we begin under the assumption that Rule 9(b) applies

in this case. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead the circumstances of the alleged fraud with particularity sufficient to put the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004). A plaintiff may satisfy that requirement in two ways. Id. at 224. First, a plaintiff can meet the requirement "by pleading the date, place or time of the fraud." Id. Second, the plaintiff may use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. (citing Seville Indus. Mach. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984)). Rule 9(b)'s heightened pleading standard is meant "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville, 742 F.2d at 791. At a minimum, Rule 9(b) requires "that the plaintiff identify the speaker of allegedly fraudulent statements." Klein v. Gen. Nutrition Co., Inc., 186 F.3d 338, 345 (3d Cir. 1999).

### III.   DISCUSSION

First, because the Third Circuit found that Relators did allege that Defendants "submitted claims for payment to the Government at a time that they knowingly violated a law, rule, or regulation which was a condition for receiving payment from the Government," we assume the Appeals Court to have determined that Relators met the Rule 9(b) requirement that a defendant's state of mind must be at least generally alleged in the complaint. U.S. ex rel. Wilkins, 659 F.3d at 313.

4

In this case, we find that, as Relators' Amended Complaint currently stands, it does not meet the strict pleading standard of Rule 9(b) as the Third Circuit's case law has interpreted it. In alleging that AmeriChoice paid $27,000.00 to induce the owners of the Reliance Medical Group Clinic to switch eligible clients to AmeriChoice coverage, the Amended Complaint fails to elucidate the "date, place or time of the fraud," as the Lum Court demanded.  See Am. Compl. at ¶ 59.  Moreover, Relators have injected no precision or substantiation into that allegation of the Amended Complaint, resting only on the Amended Complaint's assertion that the payment was, indeed, made by AmeriChoice to Reliance.  Accordingly, this claim of the Amended Complaint also fails the Seville Court's alternative method for satisfying a Rule 9(b) analysis.

The same is true with regard to Relators' claim that Defendants' use of the Participating Provider Agreement violated the AKS.  Relators allege that the form was used to create a list of patients who could be switched to AmeriChoice coverage.  Id. at ¶ 63.  Although the Relators attached a copy of the Agreement with their Amended Complaint, they failed to point specifically to any instance where the Agreement was actually used—either by "date, place or time," or by some other means that would inject precision and substantiation into their allegations.  Accordingly, Relators' First Amended Qui Tam Complaint fails to state with sufficient particularity the circumstances constituting fraud or mistake, and does not meet the high pleading requirement of Rule 9(b).

## IV. CONCLUSION

For the foregoing reasons, Relators' reinstated AKS claims are **DISMISSED WITHOUT PREJUDICE** for failure to meet the pleading requirements of Rule 9(b), and Defendants' October 6, 2009 motion to dismiss is hereby **GRANTED**.  Relators may file a

second amended complaint with respect to their AKS claims within thirty (30) days of the date of this Opinion.  An accompanying Order shall issue today.


Dated: 12/20/2011                                              /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge